UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:20 CR 460 RWS / SPM |
| | ) | |
| v. | ) | |
| | ) | |
| DEANDRE J. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## **DETENTION ORDER**

On August 14, 2020, the original detention hearing, and on September 11, 2020, a supplemental detention hearing were held on the motions of the United States that defendant DEANDRE J. WHITE be detained in the custody of the United States Marshals Service until trial under the Bail Reform Act of 1986, 18 U.S.C. § 3142. (Docs. 4 and 16.) At the time of the original detention hearing, defendant White was charged by complaint with one count of being a felon in possession of a firearm on August 12, 2020, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, Case No. 4:20 MJ 212 DDN.)

On May 27, 2020, the federal grand jury returned its indictment charging defendant with three charges arising out of the August 12, 2020, incident. They are possessing a firearm, knowing he had previously been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1), punishable under § 924(a)(2) (Count 1), the original complaint charge; possessing fentanyl with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), punishable under § 841(b)(1)(C) (Count 2); and possessing a firearm in furtherance of the Count 2 drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and punishable under § 924(c)(1)(A)(i) (Count 3). Conviction on these charges carries potential statutory

maximum punishment that includes confinement for not more than 10 years, not more than 20 years, and confinement for not less than 5 years, respectively.

The Court has received a written bail report of the Pretrial Services Office, filed on August 17, 2020. The Court adopts and incorporates by reference into this Order the facts set forth in that bail report. In the report, the Pretrial Services Office recommends that defendant be detained until trial. (Doc. 8.)

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, the government's case is aided by a rebuttable presumption for detention. The Bail Reform Act provides:

> Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*). . . [or] an offense under section 924(c) . . . .

18 U.S.C. § 3142(e)(3)(A), (B). Such is this case, because of the federal grand jury found probable cause to believe defendant committed the qualifying offenses charged in the indictment.

In response to the presumption, the burden is upon defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. *United States v. Abad*, 350 F.3d 793,

797 (8th Cir. 2003). If the defendant produces such evidence, the statutory presumption does not entirely disappear. Rather, the Court must consider Congress's finding that drug traffickers pose special risks of flight and danger to the community. Throughout all, the government retains the burden of proof described above. *Id.* And the defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j).

When considering whether a defendant has rebutted the statutory presumption for detention, the Court must consider any substantial evidence in the record that militates against pretrial detention. *United States v. Cirksena*, 749 Fed. Appx. 488 (8th Cir. 2019). Such evidence might involve the Pretrial Service Officer's recommendation for release on conditions, the defendant's age, and the fact that, despite a long history of marijuana use, defendant has a limited non-violent criminal history that involved no crime of violence and successful completion of periods of probation supervision. *Id.* at 488-89.

Ultimately, the issue of detention or release is determined by whether defendant falls within "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." *Id.* 489-90 (quoting *United States v. Warren*, 787 F.2d 1237, 1239 (8th Cir. 1986)).

Also, in deciding the issue of detention or release, the rules of evidence are not strictly applied and the Court may consider unsworn proffers of information. *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 751 (1987) (the parties may "present information by proffer or otherwise"); *United States v. Agriprocessors, Inc.*, 2009 WL 290473 at *5 (N.D. Iowa 2009). The factors to be considered by the Court include the nature and circumstances of the offense alleged, the weight of the evidence against the defendant, his history and personal background, whether at the time of the offense he was subject to release supervision, and whether the release of the defendant would pose a serious danger to any person or the community. 18 U.S.C. § 3142(g).

From the entire record, the Court makes the following findings. Defendant Deandre White is 24 years of age. He was born in St. Louis and is a lifelong resident of this area. Defendant was raised by his mentally and physically ill mother and his older brother. Defendant's employment history is unknown. Missouri Board of Probation and Parole records indicate defendant has a history of abusing alcohol, marijuana, Percocet, Hydrocodone, Xanax, and K2 hallucinogen.

Defendant has a criminal history that is significant. At age 20, in January 2017, he pled guilty to 4 counts of receiving stolen property; terms of confinement were suspended and he was placed on 5 years probation. After the probation was suspended in October 2018, the supervision was converted to bench probation, which was extended for a year in December 2019. In April 2020 defendant was arrested, while on probation, for shooting at a vehicle from another vehicle. Defendant was released on May 5, 2020, after posting a substantial monetary bond. On August 12, 2020, a felony wanted was issued by the University City Police for defendant for stealing a motor vehicle; this wanted remains active. Defendant is wanted also by other jurisdictions for traffic matters. Defendant has been arrested without conviction for 3 weapons charges, shooting from a vehicle at another vehicle, felony harassment, tampering with a motor vehicle, drug trafficking, and first-degree murder.

The federal, indicted charges resulted from the execution of a federal search warrant on August 12, 2020. The government proffered to the Pretrial Services Office that in the search of that apartment residence, police found and seized a pistol and ammunition, narcotics, drug paraphernalia, a bullet resistant vest, cell phones, and digital scales. (Doc. 8 at 4.)

Upon the record before it, the Court concludes that defendant has not rebutted the statutory presumption for detention. At the hearing held on September 11, 2020, the government proffered that several witnesses identified defendant as involved in an exchange of gunfire and then his flight from police at a high rate of speed. The St. Louis

City Prosecuting Attorney is considering seeking revocation of defendant's pretrial release. Defendant remains a suspect in the shooting death of a six-year-old boy. (Doc. 1, Affidavit at 1.) Even without the presumption, however, the Court finds and concludes by clear and convincing evidence, from the entire record, that the release of defendant upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release will not reasonably assure the safety of the community. 18 U.S.C. § 3142(b), (c).

Therefore,

**IT IS HEREBY ORDERED** that the motions of the United States that defendant Deandre J. White be detained (Docs. 4 and 16) **are sustained.** Defendant is committed to the custody of the United States Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 14th day of September, 2020.