RECEIVED
OCT 10 2023
BY MAIL

FILED
OCT 10 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEANDRE WHITE, §
　　PETITIONER, §
vs §  Case No.: 4:20-CR-460 RWS
UNITED STATES OF AMERICA, §
　　RESPONDENT. §

### MOTION TO VACATE, SET-ASIDE, OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255

COMES NOW, Deandre White, Petitioner Pro Se, and files this motion under 28 U.S.C. § 2255 seeking vacation of the sentence of this court for a single violation of 18 U.S.C. § 922(G)(1), as such statute is unconstitutional, as it violates the Second Amendment, of the United States Constitution., For thus, Petitioner seeks this above mentioned relief based upon the following:

### INTRODUCTION

While history dictates that common sense deploys to legislatures the power to preclude possession of firearms to dangerous people that authority only stretches-out to persons who statically represent an immediate violent threat to the public. At the time of the Constitution's penning, that era of legislatures did not strip felons of the right to bear arms simply because of their status as felons.

-1-

18 U.S.C. § 922(g)(1) might stand on solid footing if categorical bans were tailored to serve the government's interest in protecting the public from gun violence. But their dispossession of all felons is unconstitutional as applied to Petitioner. And though many such cases have en sued over the years, the United States has yet to introduce data sufficient to show that dis-@rming all felons advances substantially its interest in keepòng the public safe, with any legitimate weight balanced against the copnstitution;s individual right-to-bear-arms announced in the Second Amendment; to persons living within the borders and enjoying the rights provided, as their reticence, in the document.

### RELATION TO THE RESTRICTIONS ON THE POWER OF "THE PEOPLE" TO VOTE IN SECTION 2, ARTICLE I OF THE UNITED STATES CONSTITUTION VERSUS TO THE RIGHT TO BEAR ARMS ENUMERATED IN THE SECOND AMENDMENT

A number of courts have held that the removable right to vote and the personal armament right cited in the Second Amendment exist on the same echelon. District Court Judge David Count wrote in his October 3rd, 2022 order denying the motion of Raymond Charles, Jr. to dismiss the indictment in that case,

> "[T]here [is] a longstanding historical
> tradition ever since ratification that
> those convicted of a crime could be
> excluded from the right to vote [U.S.
> Const. Art. I § 2]. For example, one
> year after the Second Amendment's
> ratification, Kentucky's Constitution
> stated '[l]aws shall be made to exclude
> from . . . suffrage those who thereafter
> be convicted of bribery, perjury, forgery,
> or other high crimes and misdemeanors.'
> [Kentucky Const. art. VIII § 1.2 (1792)].
>
> United States v. Charles, 2022
> U.S. Dist. LEXIS 180375 (W.D.
> Tex. 2022)

However, Judge Counts fails to textually-recollect above that while Kentucky did indeep abridge the voting privileges of those of its citizens whom had been "convicted" of those enumerated crimes, listed in that 1792 version of its constitution, it did not strip its citizens, so "felonized;" from their right to bear arms. And such a circumstance goes far to suypport now Supreme Court Justice Amy Coney Barrett's expression regarding the same "rights-contrast." She wrote:

> "Saul Cornell explains:
> 'Perhaps the most accurate way to
> describe the dominate understanding of
> the right to bear arms in the Founding
> Era is as a civic right. Such a right
> was not something that all persons
> could claim, but was limited to those
> members of the polity who were deemed
> capable of exercising it in a virtuous
> manner. Freedom of religion, freedom
> of the press, trial by jury were
> genuinely rights belonging to individ-
> uals and were treated differently than
> were civic rights such as militia service,
> or the right to sit on juries. Cornell,
> 29 N. Ky. L. Rev. at 679 (footnotes
> omitted.)' And as a right exercised

> for the benefit of the community (like
> voting and jury service), rather than
> for the benefit of the individual (like
> free speech or free exercise), it belonged
> only to virtuous citizens."
> [The Supreme Court's ruling in D.C.]
> v. Heller, [554 U.S. 570, 128 S. Ct.
> 2783, 171 L. Ed. 2d 637 (2008),] however,
> expressly rejects the argument that the
> Second Second Amendment protects a purely
> civic right . . . [as it] squarely holds
> that 'the Second Amendment confer[s]
> an individual right to keep and bear
> arms,' Heller, 554 U.S. at 595 (emphasis
> added)."
>
> Kanter v. Barr, 919 F.3d 437, 441
> (7th Cir. 2019). (J. Barrett dissenting)

Yet, we do not need - as did Justice Barrett - to rely on Heller, for we now have Bruen.

Relying on N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2122, 213 L. Ed. 2d 387 (2022), On June 7th, 2023 the Third Circuit Court of Appeals in an 11-4 en banc decision ruled that the federal felon-in-possession law 18 U.S.C. § 922(g)(1) unconstitutional when applied to nonviolent, non-dangerous offenders, in Range v. Attorney General, (No. 21-2835) (3rd Cir. June 7, 2023)(en banc):

> "Our decision today is a narrow one.
> Bryan Range challenged the constitut-
> ionality of 18 U.S.C. § 922(g)(1) only
> as applied to him given his violation
> of 62 Pa. Stat. Ann. § 481(a). Range
> remains one of "the people" protected
> by the Second Amendment, and his
> elegibility to lawfully purchase a rifle
> and a shotgun is protected by his right
> to keep and bear arms. Because the
> Government has not shown that our

-4-

> Republic has a longstanding history of
> depriving people liek Range of their
> firearms, § 922(g)(1) cannot constit-
> utionally strip him of his Second
> Amendment rights. We will reverse the
> judgment of the District Court ahd
> remand so the Court can enter a
> declaratory judgment in favor of Range,
> enjoin enforcement of § 922(g)(1) against
> him, and conduct any further proceeding
> consistent with this opinion."
>
> Range, (No. 21-2835)
> (3rd Cir, June 7, 2023)
> (en banc)

Likewise, with the above, Petitioner is categorically one of "the people" protected by the Second Amendment, and - also - categotically - enjoining him from ownership and possession of firearms is improper when done so because of his status as a "felon," with no proven determination that Petitioner is a statically dangerous person, nor has any case been brought that Petitioner's "possession of guns would endanger the public safety." Kanter, supra at LEXIS 62. Accordingly, looking to the precedent established by the recent en banc ruling from the Third Circuit, along with now Justice Barrett is dissent (considering that she is now on the Supreme Court), Petitioner moves this Honorable Court to vacate the relevant underlying criminal cause in this case, and order his release forthwith.[1]

---
1. Please see also United States v. Atkinson, recently ruled on by the Seventh Circuit Court of Appeals.

-5-

## BACKGROUND

Petitioner was convicted in this Court for a single violation of 18 U.S.C. § 922(g), all other events, as to the procedural background of this case, as to awareness of them, by all parties is presumed.

## JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2255, as this court conducted the plea hearing, and sentencing of the Petitioner.

## TIMELINESS

Under 28 U.S.C. § 2255, a one-year time limitation is cognizable that shall run from the date in which the sentencing was consummated by a federal district court. Indeed, one-year has in fact not elapsed subsequent to the finalization of proceedings in the underlying criminal case, and also the 3rd and the 7th Circuit rulings were this previous month of June 2023.

## JURISDICTIONAL AUTHORITY
## THE AUTHORITY OF THIS ARTICLE III COURT

"THE JUDICIAL POWER OF THE UNITED STATES shall be vested in one Supreme Court, AND in such inferior courts as the Congress shall from time to time ordain and establish."

    U.S. Const. Art. III Sec. 1

"[The Constitution] then proceeds [in Article III] to enumerate the cases to which this judicial power shall extend. It afterwards divides the jurisdiction of the Supreme Court into original and Appellate, but gives no definition of that of that of the subordinate courts. The only outlines described for them, are that they shall be 'inferior to the Supreme Court,' and that they shall not exceed the specified limits of the federal judiciary. Whether their authority shall be original or appellate, or both, is not declared. All this seems to be left to the legislature."

    Federalist No. 82
    Alexander Hamilton,
    May 28th, 1788

A district court of the United States, has "original jurisdiction of all civil actions arising under the Constitution, laws, [and] treaties of the United States."

    28 U.S.C. § 1331

The authority of an "inferior" court to the Supreme Court only becomes cognizable "inferior" in its relation to the Supreme Court, or to other Courts to which ot os omferior, and not to the legislature, nor to the executive power in the course of its duties. Indeed, Hamilton stated:

> "The complete independence of the courts of justice is peculiarly essential in a limited Constitution. By a limited constitution, I understand one which contains certain specified exceptions to the legislative authority . . . [l]imitations of this kind can be preserved in no other way than through the medium of courts of justice, whose duty it must be to declare all acts contrary to the manifest tenor of the Constitution void. Without this, all the reservations of particular rights would amount to nothing . . . [t]he right[] of the courts [is] to pronounce legislative acts void.
>
> Federalist No. 78
>
> "There is no position which depends on clearer principles, then that EVERY ACT of a delegated authority, contrary to the tenor of the commission under which it is exercised, is void. No legislative act, therefore, contrary to the Constitution, can be valid. To deny this, would be to affirm, that the deputy is greater than his principal; that the servant is above his master; that the representatives of the people are superior to the people themselves; that men [or women] acting by virtue of powers, may do not only what their own powers do not authorize, but what they forbid."
> Id.
>
> Federalist No. 78 - A-H

Accordingly, with the foregoing, it remains clear that the lawful potency of this Court extends to the invalidating of any and all acts or resolutions of the United States Congress that impose upon the liberties of individual citizens of this nation, as they are enumerated as God-Creator-given-rights of "the people" of the United States.

Given that Petitioner indeed poses no "immediate threat" to the safety of the community in any way cognizably related to gun violence, then the enforcement of § 922(g)(1) against him is an abridgement of his Second Amendment Constitutional right to bear arms, and his current detention is in direct contravention of the same.

## RETROACTIVITY OF THIS COURT'S RULING

Using its Article III power, this Court's ruling invalidating § 922(g)(1) will ensue automated retroactive application to the time of the acclaimed "offense." By clarifying the relegation of the government's prosecutorial power to a state of "off-limits," as to their ability to "punish"[4] the "class of persons"[5] known as "felons," establishes requisite retroactivity under Teague.

---

4. Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).
5. Id.

While it is true that New Constitutional rules of criminal procedure generally do not apply retroactively, **Teague v. Lane**, supra; Schriro v. Summerlin, 542 U.S. 348, 351, 124 S. Ct. 2519, 159, L. Ed. 2d, substantive rules that alter "the range of conduct or the class of persons that the law punishes," id. at 353, 124 S. Ct. 2519, 159 L. Ed. 2d 442, do not apply retroactively under Teague. Procedural rules, by contrast, "regulate only the manner of determining the defendant's culpability." Ibid. Under this framework, the Constitutional invalidation of § 922(g)(1) triggers retroactiveity, as such clearly places persons ("felons") "beyond the [government's] power to punish" Shriro, 542 U.S. at 353.

The text of the statute 18 U.S.C. § 922(g)(1), produces a "class of persons" known as "felons" whom are untouchable as to prosecution by the federal government for exercising their individual constitutional right to "bear [fire]arms."

## REQUEST

WHEREFORE PREMISES CONSIDERED, Petitioner requests of this Honorable Court that it grant this motion in all points and issue appropriate orders.

Respectfully submitted.

\\
_____        _____

This document is signed under the penalty of perjury pursuant to 28 U.S.C. § 1746 et seq.